T. Edward Williams, Esq. (*Pro Hac Vice* Pending)
WILLIAMS LLP
45 Rockefeller Plaza 20th FL
New York, New York 10111
212.417.0430 (Main)
212.417.0431 (Direct)
212.417.0433 (Fax)
Email: edward@williamsllp.com
*Attorney for Applicant Dr. Rahul Sharma, MD, DM*
*Pro Hac Vice Application Pending*

Michael S. Wilcox (State Bar No. 215269)
Gavrilov & Brooks
2315 Capitol Avenue
Sacramento, CA 95816
916-504-0429
mwilcox@gavrilovlaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Application of | No. 24-MC _____ |
| **DR. RAHUL SHARMA, MD, DM[1]** | **EMERGENCY *EX PARTE* APPLICATION OF DR. RAHUL SHARMA FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** |
| Applicant, | |
| Pursuant to 28 U.S.C. § 1782 | |
| For Judicial Assistance in Obtaining Evidence for Use in Foreign International Proceedings. | |

Dr. Rahul Sharma ("Dr. Sharma" or "Applicant") respectfully submits this

Emergency *Ex Parte* Application for Judicial Assistance ("Application") pursuant to 28

---

[1] This designation in India signifies a doctor who has had extraordinary training and who possesses more certifications than other medical doctors.

1

U.S.C. § 1782 to obtain documentary and testimonial evidence for use in a criminal proceeding pending in Uttar Pradesh, India. In support of this Application, Dr. Sharma shows as follows:

## I.      INTRODUCTION

Dr. Sharma seeks discovery on the cause and manner of death of Anika Kumar ("Anika"), who died on November 4, 2022, at Shriners  Children's Northern California ("Shriners"). The Sacramento County Coroner's Office investigated Anika's death. Dr. Sharma respectfully requests that this Court allow him to serve discovery on Shriners and the Sacramento County Coroner. Dr. Sharma is in jail, and he has been jailed since April 12, 2023, without bail, in the District Jail Gautambudhnagar, Uttar Pradesh, India for the alleged murder of Anika. *See* India Penal Code §§ 300 &  302; *see also, In re Extradition of Singh*, 170 F. Supp. 2d 982, 999 (E.D. Cal. Aug. 27, 2001) (construing murder under § 300 and attempted under § 301murder under Indian law). Dr. Sharma intends to use the discovery he seeks in an impending bail application and to defend himself in the underlying proceedings.

The case against Dr. Sharma is pending before the High Court of Judicature at Allahabad, District of Gautambudhnagar. Dr. Sharma's case number is FIR No. 437/2022. Section 1782 permits the relief Dr. Sharma seeks.

## II.      FACTUAL BACKGROUND

Dr. Sharma lives and works in Uttar Pradesh, India. He has two young children, and a wife, Dr. Ankita Goel Sharma ("Dr. Goel"). Dr. Goel, also a medical doctor, teaches and

practices medicine at Delhi University. By all accounts, Dr. Sharma is a superb medical doctor. Dr. Sharma is one of 500 doctors in India with the special certification to treat lung diseases and critical care. This skill was immensely helpful during the Covid Pandemic, and Dr. Sharma successfully treated near terminal individuals with Covid. For his efforts, Dr. Sharma received a Covid Warrior commendation from the state government of Uttar Pradesh.

The facts that gave rise to this Emergency Application began on October 24, 2022. On that day, Dr. Sharma, like everyone else in India, was celebrating Diwali, the Hindu festival of lights. *See* LOUIS RENOU, GREAT RELIGIONS OF MODERN MAN: HINDUISM, 30–44 (1962) (describing the practices of Hinduism). Dr. Sharma was celebrating Diwali with his wife, Dr. Goel, with his brother, with his sister-in-law, and with his mother on his balcony. Dr. Sharma's children were playing outside with the children of his neighbors, but from Dr. Sharma's balcony, one cannot see the area in which the children were playing. Dr. Goel was with Dr. Sharma from 7:00 p.m. to 8:00 p.m. Around 7:55, Dr. Goel and Dr. Sharma were engaged in Puja—a prayer ceremony. Throughout the evening, Dr. Goel and Dr. Sharma took pictures of their celebrations. The pictures are time stamped.

While Dr. Sharma was celebrating Diwali with his family, his children were playing and coming in and out of the house.

Around 8:15 p.m. IST, Dr. Sharma and others heard a child shrieking and rushed to see what had happened. When they arrived, they saw Anika Kumar, their neighbor's daughter, on fire. Anika had been playing, without her mother's supervision. Dr. Sharma

and a member of his family put out the fire and called Anika's mother. Because there are

no ambulatory services in India, Dr. Sharma, and his neighbor, used Dr. Sharma's car to

drive Anika to Yatharth Hospital, the hospital at which Dr. Sharma worked. While at

Yatharth Hospital, Anika was provided dressing, given oxygen, and she was in stable

condition. After she was stabilized, Anika was transferred to Safdarjung Hospital

("Safdarjung") in New Delhi, where shew was treated in Safdarjung's specialized burn unit.

On October 25, 2022, while she was at Safdarjung, Anika's father, Anant Kumar,

arrived in India from Pennsylvania. In a statement he gave to the police, Mr. Kumar stated

the doctors at Sajdarjung advised him to transfer Anika to a hospital in America. It later

came out, however, that some  doctors at Sajdarjung told Mr. Kumar not to transfer Anika

to America while she was still recovering. In any case, through the American Embassy in

New Delhi, Mr. Kumar arranged for an emergency transport for Anika to Shriner's Hospital

in California.

Anika died on November 4, 2022. Anika's cause of death, as concluded by the

Sacramento County Coroner, were: (i) sepsis; (ii) Abdominal Compartment Syndrome; and

(iii) 85% Total Body Surface Area Burn. *See* Sacramento County Coroner's Report, attached

as **Exhibit A**.[2]  Anika's manner of death was accidental. *Id*.

Anika's mother initially met with the police to provide them with a statement as to

how Anika had gotten burned. Ms. Rani initially told the police that Anika had gotten

---

[2] All Exhibits will be filed separately by local counsel.

burned when she was playing with candles and a highly flammable oil used for the Diwali festival. Ms. Rani admitted she was not watching Anika; and she admitted, too, that the 24-hour maid she hired was also not watching Anika. Ms. Rani gave two other statements that were consistent with the foregoing.

Ms. Rani's story changed after Anika's death. Days after November 4, 2022, Ms. Rani stated that Dr. Rahul was negligent when he took Aniki to Yatharth instead of directly to a hospital with a burn unit. Later in November 2022 and in another statement dated March 22, 2023, Ms. Rani accused Dr. Sharma of wrongdoing in connection with Anika's death. Ms. Rani initially stated Dr. Sharma was negligent because he had not worked quickly to put out the fire on Anika, and that he was negligent because he did not take Anika to a hospital with a burn unit.

On March 22, 2023, Ms. Rani provided a Supplementary Statement to the police. Mr. Rani claimed she knew when she was first interviewed in November 2022 that Dr. Sharma was responsible for Anika's death. Ms. Rani testified that she and Dr. Sharma had become close to the point where Anika suspected that Dr. Sharma was Ms. Rani's boyfriend. She testified that Anika had seen she and Dr. Sharma kissing. Ms. Rani stated that Dr. Sharma had caused Anika to be set ablaze to prevent Anika from disclosing what had happened.

On April 10, 2023, based on Ms. Rani's Supplementary Statement, Dr. Sharma was arrested and charged with Murder under § 300 of India Penal Code. *See* Charge Sheet, attached as **Exhibit B**. Dr. Sharma has been held in jail since. The information he seeks as

part of this proceeding will enable him to present a credible bail application, and it will

allow him to defend himself against the murder charge.

**III.     STANDARDS FOR GRANTING § 1782 RELIEF**

Pursuant to 28 U.S.C. § 1782,

> [t]he district court of the district in which a person resides or is found may order
> him to give his testimony or statement or to produce a document or other thing for
> use in a proceeding in a foreign or international tribunal, including criminal
> investigations conducted before formal accusation. The order may be made . . .
> upon the application of any interested person and may direct that the testimony or
> statement be given, or the document or other thing be produced, before a person
> appointed by the court. By virtue of his appointment, the person appointed has
> power to administer any necessary oath and take the testimony or statement. The
> order may prescribe the practice and procedure, which may be in whole or part the
> practice and procedure of the foreign country or the international tribunal, for
> taking the testimony or statement or producing the document or other thing. To
> the extent that the order does not prescribe otherwise, the testimony or statement
> shall be taken, and the document or other thing produced, in accordance with the
> Federal Rules of Civil Procedure.

*See* 28 U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004);

*see In re Application for Appointment of a Commissioner*, No. C 11-80136 RS (MEJ), at *4

(N.D. Cal. July 13, 2011) (construing 28 U.S.C. § 1782 and granting Application for relief

thereunder); *In re Application of Marano for Order to Take Discovery Pursuant to 28 U.S.C.*

*§1782*, No. CV-09-80020-MISC-DLJ (N.D. Cal. Feb. 25, 2009).

An Application for Judicial Assistance under § 1782 may be brought in an ex parte

proceeding. *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1973)

(permitting discovery through ex parte application to a quasi-judicial body in Japan) ; *see*

*also Jie-Chi v. Song-Hui (In re Jud. Assistance from United States Dist. Ct.)*, 2023 U.S. Dist.

Lexis 119758, at *4,  2023 WL 4493594 (E.D. Cal. July 12, 2023). To successfully obtain judicial assistance for discovery under § 1782, the Applicant must show:

- the person who is the target of discovery resides or may be found in the district;

- the discovery is to be used in a proceeding in a foreign or international tribunal, and

- the applicant is an "interested person."

In addition, because the district court retains discretion in granting or denying a motion under § 1782, *see Four Pillars Entertainment Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1080–81 (9th Cir. 2002), courts consider these additional factors:

- whether the party from whom discovery is sought is a participant in the foreign proceeding, and therefore, within the jurisdiction of the tribunal;

- the nature of the foreign tribunal and the character of the foreign proceeding;

- the receptivity of the foreign tribunal to such judicial assistance;

- whether the request is an attempt to circumvent foreign discovery restrictions;

- whether the request is an attempt to circumvent other foreign or United States policies; and

- whether the request is unduly intrusive or burdensome.

*See Intel Corp., Inc.*, 542 U.S. 241, 256.

IV.     ARGUMENTS AND AUTHORITIES

    A.      This Application Satisfies Section 1782.

7

1

2          1.      **Shriners and Sacramento Coroner's Office Are in This District.**

3      This Court can and should take judicial notice under FRE 201(b), Shriners is located

4

5  in this District. Similarly, Sacramento County Coroner's Office is located in this district. *See*

6  *Akebia Therepeutics, Inc. v. FibroGen, Inc.*, 793 F.3d at 1110.

7          2.      **The Evidence Sought is for Use in Foreign Proceeding.**

8      The criminal proceeding is in India, in the High Court of Judicature at Allahabad.

9

10 This criminal proceeding is a proceeding within the meaning of Section 1782.

11         3.      **Dr. Rahul is an "Interested Person."**

12     Dr. Rahul is an interested person within the meaning of Section 1782. The charges

13

14 were filed against him, he is being held in jail, and he is being denied bail because Anika

15 was a minor.

16     **B.      The *Intel* Factors Are Also Met.**

17

18         1.      **Shriners is not Participating in the criminal proceeding in India.**

19     Shriners treated Anika in California. The Prosecutor's Office in India would also like

20

21 to obtain information from Shriners and from the Sacramento Coroner's office,  but it has

22 not done so.  The information sought is critical to Dr. Sharma's defense.

23         2.      **Nature and Character of the Foreign Proceeding.**

24     The proceeding in India is a criminal proceeding under India Penal Code.

25

26         3.      **Indian Courts Are Receptive to the Discovery Sought in This Case.**

27     Under India Evidence Act updated March 13, 2020, India is receptive to the

28

evidence Dr. Sharma seeks.

### 4. Dr. Sharma is Not Attempting to Circumvent Foreign Proof Gathering <u>Restrictions</u>.

There is no dispute that Dr. Sharma is not attempting to circumvent any foreign laws because India allows for the evidence that Dr. Sharma seeks.

### 5. <u>This Request is Not Unduly Intrusive or Burdensome</u>.

The discovery Dr. Sharma seeks is consistent with discovery that is generally sought in criminal proceedings like the one against Dr. Sharma. Indeed, issues related to the cause of death and the statements made by Anika's parents to the coroner and to other individuals and entities involved in the investigation of the death of Anika.

## V. REQUEST FOR LEAVE TO ISSUE SUBPOENA, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS.

For the foregoing reasons, Dr. Sharma seeks discovery from Shriners.

## VI. CONCLUSION

For the reasons stated above, Dr. Sharma requests the issuance of the Subpoena attached to this Emergency Ex Parte Application so that he can seek all documents that relate to the cause and manner of death of Anika.

### PRAYER FOR RELIEF

**WHEREFORE**, Applicant Dr. Rahul Sharma requests that this Court grant this Ex Parte Application for Judicial Assistance pursuant to 28 U.S.C. § 1782 and authorize Applicant's counsel to seek discovery from Shriners and from the Sacramento County Coroner's office. Applicant requests any and all further relief to which he may be entitled;

and to all other relief that this Court deems fair and just.

Dated:      New York, New York
                February 7, 2024

Respectfully submitted,

*/s/ T. Edward Williams, Esq.*
WILLIAMS LLP

45 Rockefeller Plaza 20th FL
New York, New York 10111

212.417.0430 (Main)
212.417.0431 (Direct)
212.417.0433 (Fax)

Email: edward@williamsllp.com
*Attorney for Applicant Dr. Rahul Sharma, MD, DM*