UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Applicant of DR. SHARMA, MD, DM,<br><br>Applicant. | Case No. 2:24-mc-00119-DJC-JDP<br><br>**ORDER**<br><br>GRANTING IN PART APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782<br><br>ECF No. 8. |

Rahul Sharma filed an ex parte application pursuant to 28 U.S.C. § 1782, seeking to conduct discovery in connection with a criminal action pending in India. ECF No. 8. For the reasons explained below, Sharma's request is granted.

I.  **Background**

According to the application, Sharma lives and works in Uttar Pradesh, India. ECF No. 8 at 2. On October 24, 2022, Sharma's seven-year-old neighbor (the "decedent") was rushed to the hospital after sustaining severe burns. *Id.* at 3. The decedent's father, who resides in the United States, subsequently traveled to India and arranged for the decedent to be transferred to Shriners Children's Hospital Northern California ("Shriners"), located in Sacramento. *Id.* at 4. On November 4, 2022, after being transferred to Shriners, the decedent died from her injuries. *Id.*; *see* ECF No. 8-1 at 2-3. Sharma was subsequently arrested and charged with the murder of the decedent. ECF No. 8 at 5.

He now moves ex parte pursuant to 28 U.S.C. § 1782, requesting permission to serve subpoenas on Sacramento County Coroner's Office ("Coroner") and Shriners that seek information related to the decedent's death. ECF Nos. 8, 15-1, & 15-2.[1]

## II. Legal Standard

Congress has authorized parties to foreign judicial proceedings to seek the assistance of federal courts in obtaining evidence located in the United States. Pursuant to 28 U.S.C. § 1782(a), "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." The statute further provides that:

> The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

"Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citing 28 U.S.C. § 1782(a)). But "even where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial

---

[1] Sharma's application included neither completed subpoenas nor the specific discovery he sought to serve on the Coroner and Shriners.

discretion to permit or deny the requested discovery." *Id.* at 926. "The § 1782 discretionary factors include, primarily, whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and whether the request is 'unduly intrusive or burdensome.'" *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 571 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

### III.     Discussion

Sharma's application satisfies the three statutory requirements. The Coroner and Shriners are both found in the Eastern District; Sharma seeks discovery for use in a criminal proceeding in India; and Sharma is an interested party in the foreign proceedings.

The discretionary factors also weigh in favor of granting movant's request. Sharma is a defendant in the foreign criminal proceedings, and his application indicates that India is receptive to this court providing assistance. ECF No. 8 at 8. There is also no indication that Sharma is attempting to circumvent India's discovery rules, and the proposed discovery does not appear to be unduly intrusive or burdensome.[2]

Accordingly, it is hereby ORDERED that:

1. Rahul Sharma's ex parte application pursuant to 28 U.S.C. § 1782, ECF No. 8, is granted.

2. Sharma may issue subpoenas requesting discovery from the Sacramento County Coroner's Office and Shriners Children's Hospital Northern California as set forth in ECF Nos. 15-1 & 15-2.

---

[2] The subpoena for Shriners includes seventeen interrogatories and twelve requests for production, while the one for the Coroner includes twelve requests for production. ECF Nos. 15-1 & 15-2.

3

      3. Sharma shall serve a copy of this order on the Sacramento County Coroner's Office and Shriners Children's Hospital Northern California.

      4. The Sacramento County Coroner's Office and Shriners Children's Hospital Northern California may move to quash or modify the subpoena, as appropriate, prior to the date by which compliance is requested. Before filing any motion, the interested parties shall meet and confer in good faith as required by the court's local rules.

IT IS SO ORDERED.

Dated:   June 24, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE